UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATRICK H MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>HISTORIC FAIRMONT<br>NEIGHBORHOOD ASSOCIATION,<br>INC.,<br><br>    Defendant. | Case No. 1:23-CV-297-CCB-SLC |

## OPINION AND ORDER

Before the Court is Defendant Historic Fairmont Neighborhood Association, Inc.'s Motion to Dismiss (ECF 21) Plaintiff Patrick Henry McDonald's Amended Complaint. (ECF 9). Based on the applicable law, facts, and arguments, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

**I.   RELEVANT BACKGROUND**

Plaintiff is a Fort Wayne resident. (ECF 10 at 1). In 2021, Plaintiff attempted to run for an open Vice President position in the Historic Fairmont Neighborhood Association ("HFNA"), a local non-profit organization of which he was a member. (*Id.* at 1, 2). Certain HFNA board members "conspired to 'rig' the election process so he [McDonald] 'would not rise to power,'" but Plaintiff was elected to the Board of Directors nonetheless, just not as Vice President. (*Id.* at 2) (ECF 22 at 5).

Plaintiff filed a civil complaint in the Allen County Superior Court on February 25, 2021. (*Id.*). In June 2022, the court granted Defendant's Motion for Summary

Judgment and awarded Defendant $10,000 in attorney fees and costs. (*Id.* at 4). Plaintiff appealed the Allen County Court's decision to the Indiana Court of Appeals in July 2022. *Patrick Henry McDonald v. The Historic Fairmont Neighborhood Ass'n Inc.*, 02D03-2102-PL-000085. In January 2023, the Court of Appeals dismissed Plaintiff's appeal with prejudice. *Id.*

Plaintiff filed a Qui Tam complaint in federal court on July 17, 2023. (ECF 1). On August 24, 2023, the Court stayed the case until Plaintiff retained counsel. (ECF 6). Instead, Plaintiff filed an amended complaint on October 4, 2023, alleging Defendant engaged in fraud in obtaining the state court judgment against him. (ECF 9). Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) asserting that the Court lacks subject matter jurisdiction. (ECF 21).

**II.   STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes parties to seek dismissal of cases for lack of subject matter jurisdiction. The parties asserting jurisdiction—in this case, Plaintiff—have the burden of proof to show that the court has subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). Rule 12(b)(1) motions to dismiss are evaluated differently depending on their purpose. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true."

2

*United Phosphorus*, 322 F.3d at 946. A factual challenge to the court's subject matter jurisdiction, on the other hand, is based on the assertion that "the complaint is formally sufficient but . . . there is *in fact* no subject matter jurisdiction." *Id.* (emphasis in original). When considering a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)). Here, Defendant argues that there is in fact no subject matter jurisdiction. Thus, the Court will consider all the evidence submitted related to subject matter jurisdiction.

**III.   ANALYSIS**

Defendant argues that the Court lacks jurisdiction to review Plaintiff's claim under the *Rooker-Feldman* doctrine. Plaintiff argues, on the other hand, that the fraud exception to the doctrine applies here, or in the alternative, that he brings an independent claim, and therefore the *Rooker-Feldman* doctrine does not bar the Court from exercising jurisdiction. The Court agrees with Defendant.

The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). "To determine whether *Rooker-Feldman* bars a claim, we look beyond the four corners of the complaint to discern the

*actual injury* claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis in original) (citation omitted) (explaining that it is "of no consequence" that the complaint does not specifically challenge the state court order). A plaintiff "cannot avoid the *Rooker-Feldman* bar by alleging that he suffered this injury as a result of violations of his constitutional rights." *Id.*

Courts apply a two-step analysis to determine whether the *Rooker-Feldman* doctrine bars jurisdiction. *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021). First, courts consider whether the plaintiff's claims are "independent" or whether the claims directly challenge a state court judgment or are "inextricably intertwined" with one. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). Then, courts determine whether "the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). If there is no way for the injury complained of to be separated from the state court judgment, or if plaintiff did have a reasonable opportunity to raise the issue, then the claim is barred. *Id.*

Plaintiff here directly challenges the state court judgment, asking the Court to "review the State level Judgment(s) which McDonald alleges were procured through fraud." (ECF 9 at 1). Plaintiff also argues that "a civil judgment obtained by fraud is a nullity and should be treated as such by any court," meaning "that a judgment obtained by fraud is not a judgment, even if it appears to be one." (ECF 10 at 7) (emphasis omitted). Plaintiff alleges that the state court judgment against him, including the $10,000 of attorney's fees and costs, was allegedly obtained by fraud and constitutes the

4

injury complained of. Plaintiff's claims, then, are not independent of the state court judgment itself and there is no need to proceed to the second step of the analysis because the claims are barred by the *Rooker-Feldman* doctrine. *Heartland Equine Rescue*, 940 F.3d at 391; *See also Jakupovic*, 850 F.3d at 902 (stating that claims "that directly seek to set aside a state court judgment are *de facto* appeals that are barred without further analysis").

Plaintiff argues in his Response to the Motion to Dismiss that "State Court judicial official bias deprived him of a fair trial – in violation of his 14th Amendment Rights." (ECF 32 at 2). Plaintiff relies on facts such as the state court judge waving to Defendant's witness before a hearing and granting all of Defendant's motions but either not ruling on or denying all his motions, to support his allegation that judicial bias affected the judgment. (*Id.* at 4). Plaintiff is unable to avoid the *Rooker-Feldman* bar, however, by alleging that he suffered this injury because of violations of his constitutional rights. *Orr*, 551 F.3d at 568. The injury Plaintiff complains of is the state court judgment itself, therefore his claims are barred by *Rooker-Feldman*. Raising constitutional violations in a response to a motion to dismiss does not change the fact Plaintiff seeks review of a state court decision and federal courts are precluded from exercising jurisdiction over claims that seek review of state court decisions. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 464 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

Plaintiff alleges that the fraud exception to the *Rooker-Feldman* doctrine applies because "Defendant procured a civil judgment . . . by 'fraud, misrepresentation, or other

5

improper means.'" (ECF 32 at 2). As noted by Defendant, however, the Seventh Circuit has expressly rejected the fraud exception to the *Rooker-Feldman* doctrine. (ECF 33 at 2). The court in *Mains v. Citibank* held that to delve into the question of whether fraud tainted the state court judgment would be impermissible because "the only relief we could give would be to vacate that judgment," which would be "*de facto* appellate jurisdiction." 852 F.3d 669, 676 (7th Cir. 2017). *See also Iqbal v. Patel*, 780 F.3d 728 (7th Cir. 2015). Plaintiff's remedies lie in the Indiana state courts because the Court lacks jurisdiction in this case. *Mains,* 852 F.3d at 676. Thus, Defendant's Motion to Dismiss must be **GRANTED**.

IV.     CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**. (ECF 21).

SO ORDERED on April 29, 2025.

                                                    /s/*Cristal C. Brisco*
                                                    CRISTAL C. BRISCO, JUDGE
                                                    UNITED STATES DISTRICT COURT